FILED

2010 APR -2  PM 2: 37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1   David T. Biderman, Bar No. 101577
    *DBiderman@perkinscoie.com*
2   Judith B. Gitterman, Bar No. 115661
    *JGitterman@perkinscoie.com*
3   PERKINS COIE LLP
    1888 Century Park E., Suite 1700
4   Los Angeles, CA  90067-1721
    Telephone:  310.788.9900
5   Facsimile:   310.788.3399

6   Attorneys for Defendant Standard & Poor's
    Financial Services LLC, incorrectly sued as
7   Standard & Poor's

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                       SOUTHERN DIVISION

12

13   PAUL RICE and JOSEPH RICE,           SACV10-00398 CJC  MLGx

14              Plaintiffs,               Case No.

15        v.                              NOTICE OF REMOVAL OF
                                          DEFENDANTS STANDARD &
16   CHARLES SCHWAB; MOODY'S              POOR'S AND MOODY'S
     INVESTORS SERVICE; STANDARD
17   & POOR's, DOES 1 THROUGH 50,
     inclusive
18              Defendants.

19

20        Defendants in this action, Moody's Investors Service, Inc. ("Moody's"),

21   incorrectly sued herein as "Moody's Investors Service," and Standard & Poor's

22   Financial Services LLC ("S&P")[1] incorrectly sued herein as Standard and Poor's

23   (collectively, the "Removing Defendants"), by their undersigned attorneys, hereby

24   remove the above-captioned case pending in the Superior Court of the State of

25   California, County of Orange, to the United States District Court for the Central

26   District of California, which embraces the place, Santa Ana, California, where the

27   _____

28   [1]   Since January 1, 2009, Standard & Poor's has been a business unit of
     Standard & Poor's Financial Services LLC, a wholly owned subsidiary of The
     McGraw-Hill Companies, Inc.  It was previously and unincorporated division of
     McGraw-Hill.

1   state court action is pending.  This Court has jurisdiction over this matter pursuant

2   to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a), and the claims may be removed to

3   this Court pursuant to 28 U.S.C. § 1441.

4         This case is removed without waiver of any defense that may be available to

5   the Removing Defendants, including, without limitation, defenses related to

6   personal jurisdiction over the Removing Defendants, the absence of venue in this

7   Court or in the court from which this action has been removed, and the Removing

8   Defendants do not acknowledge or waive service of process.

9         As grounds for removal, Defendants state as follows:

10        1.     On January 15, 2010, plaintiffs Paul Rice and Joseph Rice

11   ("Plaintiffs") filed a complaint entitled Paul Rice and Joseph Rice  vs. Charles

12   Schwab ("Schwab"), Moody's and S&P in the Superior Court of the State of

13   California, County of Orange.  This case was assigned a Case Number of 30-2010

14   (the "State Court Action").

15        2.     On March 3, 2010, copies of the Summons and Complaint were served

16   upon each of the Removing Defendants.

17        3.     Pursuant to 28 U.S.C. § 1446(a) and (b), this Notice of Removal is

18   being filed in the United States District Court for the Central District of California

19   within thirty days after March 3, 2010, which was the date upon which service was

20   effectuated upon the Removing Defendants.

21        4.     As required by 28 U.S.C. § 1441(b), no properly joined defendant is a

22   citizen of the State of California.  The removing defendants hereby assert that

23   Plaintiffs' joinder of Schwab was fraudulent due to the existence of a binding

24   arbitration agreement (the "Agreement") between Schwab and the Plaintiffs, which

25   Agreement explicitly covers the causes of action asserted in this case against

26   Schwab.  Additionally, Schwab has declared its intention to fully avail itself of the

27   Agreement in this case.  See Declaration of Lowell Haky, filed herewith.

28   Defendant Schwab will move to compel arbitration if not voluntarily dismissed

-2-

NOTICE OF REMOVAL OF DEFENDANTS
STANDARD & POOR'S AND MOODY'S

70164-0009/LEGAL18001756.2

1   from this action by plaintiffs.

2        5.     The Superior Court of the State of California, County of Orange, is a

3   State Court within this judicial district.

4        6.     This is a civil action within the meaning of the Acts of Congress

5   relating to removal actions.

6        7.     This case is properly removable pursuant to 28 U.S.C. §§ 1441(a) and

7   (b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a),

8   which provides, in relevant part:

9        Section 1332.  Diversity of citizenship; amount in controversy; costs

10            (a) The district courts shall have original jurisdiction of
          all civil actions where the matter in controversy exceeds

11            the sum or value of \$75,000, exclusive of interest and
          costs, and is between –

12                      * * *

13

14            (3) citizens of different States and in which citizens or
          subjects of a foreign state are additional parties

15       8.     Plaintiff Paul Rice was at the time of the commencement of this action,

16  and currently is, a citizen of the State of California. *See* Pl's Compl. at ¶ 1.

17       9.     Plaintiff Joseph Rice was at the time of the commencement of this

18  action, and currently is, a citizen of the State of Michigan. *See* Pl's Compl. at ¶ 2.

19       10.     Defendant S&P, which is a limited liability company formed under the

20  laws of Delaware and which has its principal place of business in New York, is a

21  wholly owned subsidiary of The McGraw-Hill Companies, Inc., which is

22  incorporated under the laws of New York and has its principal place of business in

23  New York, New York.  Accordingly, S&P is deemed a citizen of New York.  28

24  U.S.C. § 1332(c)(1).

25       11.     Defendant Moody's is a wholly owned subsidiary of Moody's

26  Corporation, and both entities are incorporated under the laws of Delaware and

27  have their principal places of business in New York, New York, and are deemed

28  citizens of New York. 28 U.S.C. § 1332(c)(1).  Defendant Moody's consents to the

1   removal.

2        12.    The amount in controversy exceeds the sum of $75,000.00, exclusive

3   of interest and costs. The Complaint alleges, *inter alia*, that Plaintiffs invested

4   $260,951.85. *See* Pl's Compl. at ¶¶ 10, 12, 14, 16. The Complaint further alleges

5   that Plaintiffs' investment, as a result of Defendants' actions, currently "has virtually

6   no value." *See* Pl's Compl. at ¶ 22. Additionally, Plaintiffs are seeking punitive

7   and treble damages. *See* Pl's Compl. at Prayer for Relief.

8        13.    Accordingly, this Court has jurisdiction over this action pursuant to 28

9   U.S.C. § 1332(a) and 28 U.S.C. § 1367(a).

10        14.    In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A**

11   are file-stamped copies of all process and pleadings served upon the Removing

12   Defendants: the Summons and Complaint, Amendments to the Complaint, and

13   proofs of service.

14        15.    The Removing Defendants will promptly serve a copy of this Notice of

15   Removal on Plaintiffs' counsel and file with the Clerk of the Superior Court of the

16   State of California, County of Orange, a Notice of Filing of Notice of Removal

17   pursuant to 28 U.S.C. § 1446(d).

18        16.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See*

19   28 U.S.C. § 1446(a).

20   //

21        [REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

22   //

23   //

24   //

25   //

26   //

27   //

28

1     WHEREFORE, this action should proceed in the United States District Court

2  for the Central District of California as an action properly removed thereto.

3  DATED: April 2, 2010        Respectively Submitted,

4

5                        By: *David T. Biderman*
                            David T. Biderman

6                  **Perkins Coie LLP**

7                  1888 Century Park E., Suite 1700
                  Los Angeles, CA 90067-1721
                  Telephone: (310) 788.9900

8                  Facsimile: (310) 788.3399

9                  Attorneys for Defendant Standard &

10                Poor's Financial Services LLC

11               Floyd Abrams (*pro hac vice* application
                   to be submitted)

12               Brian Markley (*pro hac vice* application
                   to be submitted)

13               **Cahill Gordon & Reindel LLP**
                  Eighty Pine Street

14               New York, NY 10005
                  Telephone: (212) 701-3000

15               Facsimile: (212) 269-5420

16               Attorneys for Defendant Standard &
                  Poor's Financial Services LLC

17

18               Frank A. Silane (SBN No. 90940)
                  Scott D. Cunningham (SBN 200413)

19               **Condon & Forsyth LLP**
                  1901 Avenue of the Stars, Suite 850

20              Los Angeles, CA 90067
                  Telephone: (310) 557-2030

21               Attorneys for Moody's Investors Service,
                  Inc.

22

23               James J. Coster (*pro hac vice* application
                   to be submitted)
               Joshua M. Rubins (*pro hac vice*

24               application to be submitted)
               **Satterlee Stephens Burke & Burke LLP**

25              230 Park Avenue, 11th Floor
                  New York, New York 10169

26              Telephone: (212) 818-9200

27               Attorneys for Moody's Investors Service,
                  Inc.

28

NOTICE OF REMOVAL OF DEFENDANTS
STANDARD & POOR'S AND MOODY'S

70164-0009/LEGAL18001756.2

# Exhibit "A"



KMV RECEIVED

MAR 0 5 2010

# Notice of Service of Process

**AWS / ALL**
Transmittal Number: 7444582
Date Processed: 03/04/2010

| | |
|---|---|
| Primary Contact: | Kenneth M Vittor Sr.<br>The McGraw-Hill Companies, Inc.<br>1221 Ave. Of The Americas<br>Floor 48TH Legal Dept. -<br>New York, NY 10020 |
| Copy of transmittal only provided to: | Lee Malik |

| | |
|---|---|
| Entity: | Standard & Poor's Financial Services LLC<br>Entity ID Number 2769375 |
| Entity Served: | Standard & Poors Financial Services, LLC |
| Title of Action: | Paul Rice vs. Charles Schwab |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court: | Orange County Superior Court, California |
| Case Number: | 30-2010-00338482 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 03/03/2010 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Erica A. Woosley<br>805-897-1830 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 15 2010

ALAN CARLSON, Clerk of the Court

BY:     N. DORFMAN     DEPUTY

**NOTICE TO DEFENDANT:** Charles Schwab; Moody's Investors
*(AVISO AL DEMANDADO):* Service: Standard & Poor's, and
DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** Paul Rice and Joseph Rice
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
700 Civic Center Drive, West
Santa Ana, CA 92702

CASE NUMBER:
*(Número del Caso):*
30-2010 00338482

JUDGE DAVID R. CHAFFEE
C-20

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Woosley (SB211962)                    (805) 897-1830  (805) 897-1834
THE LAW OFFICE OF ERIC A. WOOSLEY
1602 State Street
Santa Barbara, CA 93010

DATE:
*(Fecha)*  JAN 15 2010    ALAN CARLSON  Clerk, by    N. DORFMAN    , Deputy
                                        *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Standard & Poors Financial Services, LLC

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

7

· 03/02/2010  16:21   8058971834                ERIC A. WOOSLEY                    PAGE  05/27

01/15/2010  15:07   8058971834                ERIC A. WOOSLEY                    PAGE  04/15

```
 1   LAW OFFICE OF ERIC A. WOOSLEY
     1602 State Street
 2   Santa Barbara, CA  93101
     (805) 897-1830 FAX: (805) 897-1834
 3
     Eric A. Woosley (State Bar No. 211962)
 4   Jordan T. Porter (State Bar No. 250112)

 5   Attorneys for Plaintiffs PAUL RICE and JOSEPH RICE

 6

 7

 8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 9                   FOR THE COUNTY OF ORANGE

10   PAUL RICE and JOSEPH RICE      )   CASE NO.
                                    )
11                                  )   COMPLAINT FOR:
             Plaintiffs,            )                    00338482
12                                  )   1.  NEGLIGENCE AGAINST ALL
                                    )       DEFENDANTS
13   v.                             )   2.  BREACH OF FIDUCIARY DUTY
                                    )       AGAINST ALL DEFENDANTS
14   CHARLES SCHWAB; MOODY'S        )   3.  NEGLIGENT MISREPRESENTATION
     INVESTORS SERVICE; STANDARD &  )       AGAINST ALL DEFENDANTS
15   POOR's; DOES 1 through 50,     )   4.  INTENTIONAL
     inclusive,                     )       MISREPRESENTATION AGAINST ALL
16                                  )       DEFENDANTS
                                    )   5.  FINANCIAL ELDER ABUSE IN
17           Defendants.            )       VIOLATION OF WELFARE &
                                    )       INSTITUTIONS CODE § 15610 30
18                                  )       AGAINST ALL DEFENDANTS
19                                      JUDGE DAVID R. CHAFFEE

20        1.   Plaintiff Paul Rice is, and at all relevant times was,

21   a resident of the City of Dana Point, County of Orange, State of

22   California, and a trustee and beneficiary under the Rice Family

23   Trust u/a dated February 7, 2007 ("Rice Family Trust.").

24        2.   Plaintiff Joseph Rice is, and at all relevant times

25   was, a resident of the City of Sterling Heights, County of

26   Macomb, State of Michigan, and a beneficiary under the Rice

27   Family Trust.

28
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 15 2010

ALAN CARLSON, Clerk of the Court

BY____N. DOREMAN____DEPUTY

BY FAX
30-2010

1

COMPLAINT

03/02/2010  16:21   8058971834                    ERIC A. WOOSLEY                    PAGE  06/27

3.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times Defendant Charles Schwab, Inc. was a corporation conducting business in the County of Orange, State of California.

4.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times Defendant Moody's Investors Service was a corporation conducting business in the County of Orange, State of California.

5.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times Defendant Standard & Poor's was a corporation conducting business in the County of Orange, State of California.

6.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sues said defendants by such fictitious names and Plaintiffs will seek to amend this Complaint to show their true names and capacities when the same has been ascertained.  Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as DOE are legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiffs as alleged herein.  Each reference in this Complaint to "defendant", "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.  Plaintiffs are informed and believe that

2

**COMPLAINT**

1  each DOE defendant was responsible in some manner for the
2  occurrences and injuries alleged in this Complaint.
3      7.  Plaintiffs are informed and believe, and based thereon
4  alleges, that at all times herein mentioned each of the
5  defendants was the agent, employee and servant of each of the
6  remaining defendants, and in doing the things hereinafter alleged
7  was acting within the scope of such agency, employment, and
8  servitude, with the knowledge and consent of each of the
9  defendants.  Whenever this Complaint makes reference to
10  "defendant" or "defendants", and "each of them," such allegations
11  shall be deemed to mean the acts of defendants acting
12  individually, jointly and/or severally.
13
14                      GENERAL ALLEGATIONS
15      8.  In or about January 2008, Plaintiffs, and each of them,
16  were beneficiaries and had an ownership interest in an investment
17  account held by Defendant Charles Schwab under the name A. Rice
18  and P. Rice, Trustees, Rice Family Trust (the "Rice Account").
19      9.  On or about January 23, 2008, Plaintiff Paul Rice
20  received a Fixed Income Offering Report from Defendant Charles
21  Schwab recommending purchase of preferred shares of Fannie Mae
22  with a dividend rate of 8.25 percent.  These shares were rated AA
23  by Defendant Moody's Investor Services and AA3 by Standard &
24  Poor's.
25
26  //
27
28
                              3
                          COMPLAINT

10

10.   On or about January 25, 2008, Plaintiff Joseph Rice purchased 4,000 shares of the Fannie Mae 8.25 percent preferred stock for the Rice Account at a total price of $104,482.95.

11.   On or about February 13, 2008 Plaintiff Paul Rice received a Fixed Income Offering Report from Defendant Charles Schwab also recommending the purchase of Fannie Mae preferred shares at 8.25 percent dividend. These shares were still rated AA by Defendant Moody's Investor Services and AA3 by Standard & Poor's.

12.   On February 13, 2008 Plaintiff Paul Rice purchased an additional 2,000 shares of the Fannie Mae 8.25 percent preferred stock for the Rice Account for a total price of $52,210.

13.   On or about February 13, 2008, in the aforementioned Fixed Income Offering Report, Defendant Schwab recommended the purchase of preferred shares of Freddie Mac with a dividend rate of 8.375 percent, which shares were rated AA by Defendant Moody's Investor Services and AA3 by Standard & Poor's.

14.   On or about February 14, 2008 Paul Rice purchased for the Rice Account 2,000 shares of the Freddie Mac 8.375 percent preferred shares.  Plaintiff paid $53,069.95 for these shares.

15.   On or about May 6, 2008, Plaintiff Paul Rice received a Fixed Income Offering Report from Defendant Charles Schwab recommending the purchase of the same Freddie Mac preferred shares with a dividend rate of 8.375 percent. The Freddie Mac preferred shares continued to be rated AA by Defendant Moody's Investor Services and AA3 by Standard & Poor's.

4

COMPLAINT

16.   On or abut May 7, 2008 Plaintiff Paul Rice purchased for the Rice Account 2,000 shares of the Freddie Mac 8.375 percent preferred stock at a total price of $51,188.95.

17.   At the time of each of the aforementioned offerings in January, February and May 2008, the Moody's ratings were AA and Schwab also published ratings of AA3 Standard & Poor's regarding the same securities.

18.   Plaintiffs are informed and believe and thereon allege that at the time that Defendant Schwab published the buy recommendations, and Moody's AA ratings and AA3 by Standard & Poor's, regarding the subject securities, it was aware that Fannie Mae and Freddie Mac were in financial trouble and were bad risks.

19.   Plaintiffs are informed and believe and thereon allege that at the time that Defendant Moody's Investor Services published the AA and AA3 by Standard & Poor's ratings regarding the subject securities, it was aware that Fannie Mae and Freddie Mac were in financial trouble and were bad risks.

20.   Plaintiffs are informed and believe and thereon allege that Defendants Moody's, Schwab, and Standard & Poor's, had knowledge that Fannie Mae and Freddie Mac were in financial trouble and were bad risks as far back as 2007. Despite such knowledge, Moody's, Schwab, and Standard & Poor's published the ratings and buy recommendations, which were misleading and omitted material facts known to Defendants that, had they been

5

COMPLAINT

12

1  known to Plaintiffs, would have materially affected Plaintiffs'
2  decision with regard to the purchase of the subject securities.
3      21.  Plaintiffs, by and through the Rice account, purchased
4  the Fannie Mae and Freddie Mac securities in reliance on the
5  published ratings and recommendations, as well as tax benefits,
6  made by Defendants.
7      22.  In or about September 2008 Fannie Mae and Freddie Mac
8  were placed into conservatorship overseen by the Federal Housing
9  Finance Agency.   As a consequence, all dividends from the
10 preferred shares have been eliminated and the stock has virtually
11 no value.

12                        **FIRST CAUSE OF ACTION**
13                  **(Negligence Against All Defendants)**
14     23.  Plaintiffs  incorporate  by  reference  all  preceding
15 paragraphs as fully set forth herein.
16     24. Defendants represented to Plaintiffs that they possessed
17 special skill, knowledge and reputation to evaluate and capably
18 engage  in  the  recommendation  of  investments  suitable  for
19 Plaintiff. Defendants also knew that Plaintiffs would be relying
20 totally on Defendants' professed superior knowledge and expertise.
21 Because of their  superior  knowledge  and  expertise,  and  the
22 position of trust they occupied with Plaintiff, the Defendants
23 owed Plaintiffs a duty to act with the utmost care to provide
24 reliable information upon which Plaintiffs could foreseeably act
25 in making investment decisions and transactions.
26     25.  In breach of the duty it owed to Plaintiffs, Defendant
27
28                                  6
                              COMPLAINT

13

Charles Schwab, as set forth above, published buy recommendations and ratings that were not substantiated by the known facts and mislead Plaintiffs into purchasing highly risky securities that ultimately lost all value.

26.   In breach of the duty it owed to Plaintiffs, Defendant Moody's Investor Services, as set forth above, published AA and Standard & Poor's AA3 ratings regarding the subject securities that were not substantiated by the known facts and mislead Plaintiffs into purchasing highly risky securities that ultimately lost all value.

27.   As a proximate result of these breaches of the duties that Defendants owed to Plaintiffs, the Plaintiffs suffered monetary losses in a sum to be proven at the time of trial.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty Against All Defendants)

28.   Plaintiffs incorporate by reference all preceding paragraphs as fully set forth herein.

29.   Defendants represented to Plaintiffs that they possessed special skill, knowledge and reputation to evaluate and capably engage in the recommendation of investments suitable for Plaintiffs. Defendants also knew that Plaintiffs would be relying totally on Defendant's professed superior knowledge and expertise. Because of their superior knowledge and expertise, and the positions of trust they occupied with Plaintiffs, the Defendants owed Plaintiffs a duty to provide reliable information upon which Plaintiffs could foreseeably act in making investment decisions

7

COMPLAINT

and transactions.

30.   In breach of the fiduciary duty it owed to the Plaintiffs, Defendant Charles Schwab made representations regarding the suitability of the subject securities for purchase, as set forth above, that were not true.

31.   In breach of the fiduciary duty it owed to the Plaintiffs, Defendant Moody's Investor Services made representations and ratings regarding the suitability of the subject securities for investment, as set forth above, that were not true.

32.   As a proximate result of the breaches of the duties the Defendants owed to Plaintiffs, the Plaintiffs suffered monetary losses in a sum to be proven at the time of trial.

33.   Plaintiffs are informed and believe, and thereon allege, that Defendants' conduct as described herein was intended by Defendant to cause injury, or was undertaken with the knowledge that injury and damages to Plaintiffs was probable and likely, such that the conduct was despicable and carried on by Defendants with a willful and conscious disregard of the rights of Plaintiffs, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and were intentional misrepresentations, deceit, and/or concealment of material facts known to Defendants with the intent to deprive Plaintiffs of property, legal rights, or to otherwise cause them injury, so as to constitute malice, oppression, and/or fraud under California Civil Code §3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate

8

COMPLAINT

to punish or set an example of Defendants.

### THIRD CAUSE OF ACTION

#### (Negligent Misrepresentation Against All Defendants)

34.   Plaintiffs incorporate by reference all preceding paragraphs as fully set forth herein.

35.   The Defendants made the representations and recommendations set forth above.

36.   Plaintiffs are informed and believe, and thereon allege, that the representations and recommendations set forth above were false.

37.   Plaintiffs are further informed and believe, and thereon allege, that if the aforementioned representations and recommendations were not intentionally or fraudulently made, that Defendant had no reasonable grounds for believing that the representations to be true when they were made.

38.   Plaintiffs reasonably relied on the aforementioned representations and recommendations of Defendants.

39.   Plaintiffs' reliance on Defendants' representations and recommendations, was a substantial factor in causing harm to the Plaintiffs in that their decisions to buy the subject securities were predicated on the representations made by Defendants.

40.   Plaintiffs have been harmed and have suffered damages, in an amount to be proven at time of trial, as a result of their reliance upon Defendants' representations and recommendations.

### FOURTH CAUSE OF ACTION

9

COMPLAINT

**(Intentional Misrepresentation Against All Defendants)**

41.    Plaintiffs  incorporate  by  reference  all  preceding paragraphs as fully set forth herein.

42.    The   Defendants   made   the   representations   and recommendations set forth above.

43.    Plaintiffs  are  informed  and  believe,  and  thereon allege, that the representations and recommendations set forth above were false.

44.    Plaintiffs  are  informed  and  believe,  and  thereon allege,   that   the   aforementioned   representations   and recommendations were false and made intentionally or recklessly and without regard for their truth.

45.    Plaintiffs  reasonably  relied  on  the  aforementioned representations and recommendations of Defendants:

46.    Plaintiffs' reliance on Defendants' misrepresentations and  promises  was  a  substantial  factor  in  causing  harm  to Plaintiffs.

47.    Plaintiffs have been harmed and have suffered damages, in an amount to be proven at time of trial, as a result of their reliance upon Defendant's promises and representations.

48.    Plaintiffs  are  informed  and  believe,  and  thereon allege, that Defendants' conduct as described herein was intended by Defendants to cause injury, or was undertaken with the knowledge that injury and damages to Plaintiffs was probable and likely, such that the conduct was despicable and carried on by Defendants with a willful  and  conscious  disregard  of  the  rights  of  Plaintiffs,

10

COMPLAINT

subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, and were intentional misrepresentations, deceit, and/or concealment of material facts known to Defendants with the intent to deprive Plaintiffs of property, legal rights, or to otherwise cause them injury, so as to constitute malice, oppression, and/or fraud under California Civil Code §3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants.

### FIFTH CAUSE OF ACTION

### (Financial Elder Abuse in Violation of Welfare & Institutions Code § 15610 30 Against All Defendants)

49.  Plaintiffs incorporate by reference all preceding paragraphs as fully set forth herein.

50.  Plaintiff Joseph Rice is currently 82 years old and at all relevant times was more the 65 years old.

51.  It is unlawful for any person or entity to take, secrete, appropriate or retain real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. Further, it is unlawful for any person or entity to assist in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. (Welfare & Institutions Code § 15610.30.)

52.  Defendants intentionally, and in bad faith, made false representations to Plaintiff Joseph Rice to induce him into purchasing a security unsuitable investment. Defendants' actions

11

COMPLAINT

18

amount to taking, secreting, appropriating, and retaining the personal property of an elder, to both a wrongful use, with the intent to defraud in violation of section 15610.30 of the Welfare and Institutions Code.

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

1.  Compensatory damages in an amount subject to proof at trial;

2.  General damages according to proof;

3.  Punitive or exemplary damages to be determined by the trier of fact;

4.  For prejudgment interest on said sums at the legal rate, commencing upon the date the Complaint was filed;

5.  Costs incurred in this action;

6.  Attorneys' fees as provided by contract or statute;

7.  Statutory provisions for attorney's fees pursuant to section 15657.5 of the Welfare and Institutions Code;

8.  Treble damages pursuant to California Civil Code § 3345 as to the Fifth Cause of Action; and

9.  For such other and further relief as the Court may deem just and proper.

//

//

12

**COMPLAINT**



Dated:        January 15, 2010            LAW OFFICE OF ERIC A. WOOSLEY

                                          By:
                                              ERIC A. WOOSLEY
                                              JORDAN T. PORTER
                                              Attorneys for Plaintiffs PAUL
                                              RICE and JOSEPH RICE

13

COMPLAINT

02/16/2010  15:48   8058971834                     ERIC A. WOOSLEY                         PAGE  02/04

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

| NAME OF JUSTICE COURT DISTRICT OR OF BRANCH COURT, IF ANY | FOR COURT USE ONLY |
|---|---|
| Orange County Superior Court<br>Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>FEB 16 2010<br><br>ALAN CARLSON, Clerk of the Court<br>BY B. FRANS |
| TITLE OF CASE (ABBREVIATED)<br>Rice, et al. v. Charles Schwab, et al. | |
| ATTORNEY(S) NAME AND ADDRESS<br>Eric A. Woosley (SB211962)<br>THE LAW OFFICE OF ERIC A. WOOSLEY<br>1602 State Street<br>Santa Barbara, CA 93010<br>BAR NO.: SB211962 | CASE NUMBER |
| ATTORNEY(S) FOR<br>Paul Rice and Joseph Rice | TELEPHONE<br>(805) 897-1830 | 30-2010-00358482 |

### AMENDMENT TO COMPLAINT

**BY FAX**

**FICTITIOUS NAME** (NO ORDER REQUIRED)

Upon filing the complaint here, plaintiff(s) being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of

_____

and having discovered the true name of the said defendant to be

_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____
ATTORNEY(S) FOR PLAINTIFF(S)

**INCORRECT NAME** (REQUIRES ORDER THEREON)

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of

MOODY'S INVESTORS SERVICE

and having discovered the true name of the said defendant to be

MOODY'S INVESTORS SERVICE, INC.

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

LAW OFFICE OF ERIC A. WOOSLEY

ERIC A. WOOSLEY, ESQ.
ATTORNEY(S) FOR PLAINTIFF(S)

**ORDER**

Proper cause appearing, plaintiff(s) _____ allowed to file the above amendment to the complaint.

Date  FEB 16 2010                    JUDGES

DAVID R. CHAFFEE
JUDGE OF THE ABOVE ENTITLED COURT

F0505-0413

### AMENDMENT TO COMPLAINT

C.C.P. 473, 474
00-0413

02/10/2010  15:48 . 8058971834          ERIC A. WOOSLEY          PAGE  03/04

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

**NAME OF JUSTICE COURT DISTRICT OR OF BRANCH COURT, IF ANY**
Orange County Superior Court
Central Justice Center

**TITLE OF CASE (ABBREVIATED)**
Rice, et al. v. Charles Schwab, et al.

FILED

*FOR COURT USE ONLY*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 16 2010

ALAN CARLSON, Clerk of the Court
BY S FRAHS

**ATTORNEY(S) NAME AND ADDRESS**
Eric A. Woosley (SB211962)
THE LAW OFFICE OF ERIC A. WOOSLEY
1602 State Street
Santa Barbara, CA 93010
BAR NO.: 9B211962

**ATTORNEY(S) FOR**
Paul Rice and Joseph Rice

**TELEPHONE**
(805) 897-1930

**CASE NUMBER**
30-2010-00338482

## AMENDMENT TO COMPLAINT

**BY FAX**

**FICTITIOUS NAME**   (NO ORDER REQUIRED)

Upon filing the complaint here, plaintiff(s) being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of

_____

and having discovered the true name of the said defendant to be

_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____
ATTORNEY(S) FOR PLAINTIFF(S)

**INCORRECT NAME**   (REQUIRES ORDER THEREON)

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of
STANDARD & POORS
and having discovered the true name of the said defendant to be
STANDARD & POORS FINANCIAL SERVICES, LLC
hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

THE LAW OFFICE OF ERIC A. WOOSLEY

ERIC A. WOOSLEY, ESQ.
ATTORNEY(S) FOR PLAINTIFF(S)

**ORDER**

Proper cause appearing, plaintiff(s) _____ allowed to file the above amendment to the complaint.

Date   FEB 1 6 2010          [blank]

DAVID R. CHAFFEE
JUDGE OF THE ABOVE ENTITLED COURT

F-0303-2413

AMENDMENT TO COMPLAINT

C.C.P. 472, 474
CC-2413

03/02/2010  16:21   8058971834                    ERIC A. WOOSLEY                    PAGE  20/27

02/18/2010  15:48   8058971834                    ERIC A. WOOSLEY                    PAGE  04/04

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

| NAME OF JUSTICE COURT DISTRICT OR OF BRANCH COURT, IF ANY | FOR COURT USE ONLY |
|---|---|
| Orange County Superior Court <br> Central Justice Center | **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF ORANGE <br> CENTRAL JUSTICE CENTER <br> **FEB 16 2010** <br> ALAN CARLSON, Clerk of the Court <br> BY S FRAHS |
| TITLE OF CASE (ABBREVIATED) <br> Rice, et al. v. Charles Schwab, et al. | |
| ATTORNEY(S) NAME AND ADDRESS <br> Eric A. Woosley (SB211962) <br> THE LAW OFFICE OF ERIC A. WOOSLEY <br> 1602 State Street <br> Santa Barbara, CA 93010 <br> BAR NO.: SB211962 | |
| ATTORNEY(S) FOR <br> Paul Rice and Joseph Rice | TELEPHONE <br> (805) 897-1830 | CASE NUMBER <br> 30-2010-00336482 |

### AMENDMENT TO COMPLAINT                    BY FAX

**FICTITIOUS NAME**  (NO ORDER REQUIRED)

Upon filing the complaint here, plaintiff(s), being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of

_____

and having discovered the true name of the said defendant to be _____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____
ATTORNEY(S) FOR PLAINTIFF(S)

**INCORRECT NAME**  (REQUIRES ORDER THEREON)

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of

CHARLES SCHWAB

and having discovered the true name of the said defendant to be

CHARLES SCHWAB & CO., INC.

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

LAW OFFICE OF ERIC A. WOOSLEY

ERIC A. WOOSLEY, ESQ.
ATTORNEY(S) FOR PLAINTIFF(S)

**ORDER**

Proper cause appearing, plaintiff(s) _____ allowed to file the above amendment to the complaint.

Date  **FEB 16 2010**

DAVID R. CHAFFEE
JUDGE OF THE ABOVE ENTITLED COURT

FORM-3413

### AMENDMENT TO COMPLAINT                    C.C.P. 472, 474 <br> DC-3410

23

# SUPERIOR COURT OF CALIFORNIA
### ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C11 | BANKS 657-622-5211 | Friday 1:30 p.m. | Daily 8:45 a.m. | Noon | 3:00 p.m. | Yes | Call (657) 622-5211 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. Counsel must reserve Ex Parte hearings with the courtroom by calling (657) 622-5211 and supply whatever information may be requested. |
| C20 | CHAFFEE 657-622-5220 | Friday 9:30 a.m. | Daily 1:30 p.m. | None | Noon | Yes - 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCal, LLC at (310) 914-7884 or (888) 88-COURT |
| C15 | FIRMAT 657-622-5215 | Thursday 3:00 p.m. | Daily 8:30 a.m. | Not required | 11:00 a.m. | Yes | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCal, LLC at (310) 914-7884 or (888) 88-COURT. |
| C16 | DI CESARE 657-622-5218 | Thursday 1:30 p.m. | M,T,W,F 1:30 p.m. | Noon | 4:30 P.M. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes - 3:00 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |
| C22 | FELL 657-622-5222 | Wednesday 10:00 a.m. | Daily 8:30 a.m. | Not required | 2:00 p.m. | Yes - 4:30 p.m. the day before | Moving party must submit on moving papers unless the court invites oral argument. Oral argument will be heard on the hearing date. Oppositions must be in writing but may be hand written if presented at the time of appearance. |
| C33 | GLASS 657-622-5233 | Tuesday 9:00 a.m. | Monday 10:00 a.m. T, W, Th, F 9:00 a.m. | 9:00 a.m. | 3:00 p.m. Oppositions due by 9:00 a.m. day before hearing | Yes - Friday before hearing | Oral argument will be heard at the hearing. Counsel may submit on pleadings but must inform clerk prior to calendar call. Call clerk if all sides submit to tentative ruling. The court may allow oral argument but it will be limited to 5 minutes or less per side. |

03/02/2010  16:21    8058971834              ERIC A. WOOSLEY                    PAGE  22/27

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
### CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C31 | HORN 657-622-5231 | Wednesday 1:30 p.m. | M, T, W, Th, Fri 9:00 a.m. | 12:00 p.m. before Ex Parte Hearing. Reservation must be made with courtroom prior to the hearing. | 3:00 p.m. | No | |
| C24 | HUNT 657-622-5224 | T, W, Th 8:30 a.m. | Daily 1:30 p.m. | Not required | Submit documents at time of hearing | No | Motions for Summary Judgment & Demurres must be reserved with C-24 prior to filing by calling (657)622-5224. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7864 or (888) 88-COURT |
| C26 | LEWIS 657-622-5226 | Monday 10:30 a.m. | T, W, Th 8:30 a.m. | 10:00 a.m. | 2:00 p.m. | Yes - noon Friday before | Late ex parte applications shall not be accepted. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7864 or (888) 88-COURT |
| C3 | MAKINO 657-622-5203 | Friday 9:00 a.m. | M,T,W,Th 8:45 a.m. | 10:00 a.m. Reservation must be made with courtroom prior to Ex Parte hearing. | 3:00 p.m. | Yes | Once tentative ruling is posted NO continuance will be granted or hearing cannot be taken off calendar |

25

03/02/2010  16:21   8058971834                 ERIC A. WOOSLEY                    PAGE  23/27

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. February2008)                                                        Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. February2008)                                        Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

L1200 (Rev. February2008)                                                                    Page 3 of 4

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 448.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

01/15/2010  15:07    8058975384           ERIC A. WOOSLEY                        PAGE  02/16

RECEIVED                                                    FILED                    CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Eric A. Woosley (SB211962)SUPERIOR COURT OF CALIFORNIA
THE LAW OFFICE OF ERIC A. WOOSLEY COUNTY OF ORANGE
1602 State Street                   CENTRAL JUSTICE CENTER

Santa Barbara, CA 93010              JAN 15 2010
TELEPHONE NO.: (805) 897-1830    FAX NO.: (805) 897-1834
ATTORNEY FOR (Name): Paul Rice and Joseph Rice
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange    B. RYAN
STREET ADDRESS: 700 Civic Center Drive, West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME:
CASE NAME: Rice, et al. v. Charles Schwab, et al.

SUPERIOR COURT OF CALIFORNI
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 15 2010

ALAN CARLSON, Clerk of the Court

BY:  N. DORFMAN     , DEPUTY

30-2010

0 0 3 3 8 4 8 2

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited     [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

BY FAX

1. Check one box below for the case type that best describes this case:

Auto Tort
  [ ] Auto (22)
  [ ] Uninsured motorist (46)
Other PI/PD/WD (Personal Injury/Property
Damage/Wrongful Death) Tort
  [ ] Asbestos (04)
  [ ] Product liability (24)
  [ ] Medical malpractice (45)
  [ ] Other PI/PD/WD (23)
Non-PI/PD/WD (Other) Tort
  [ ] Business tort/unfair business practice (07)
  [ ] Civil rights (08)
  [ ] Defamation (13)
  [X] Fraud (16)
  [ ] Intellectual property (19)
  [ ] Professional negligence (25)
  [ ] Other non-PI/PD/WD tort (35)
Employment
  [ ] Wrongful termination (36)
  [ ] Other employment (15)

Contract
  [ ] Breach of contract/warranty (06)
  [ ] Rule 3.740 collections (09)
  [ ] Other collections (09)
  [ ] Insurance coverage (18)
  [ ] Other contract (37)
Real Property
  [ ] Eminent domain/Inverse
      condemnation (14)
  [ ] Wrongful eviction (33)
  [ ] Other real property (26)
Unlawful Detainer
  [ ] Commercial (31)
  [ ] Residential (32)
  [ ] Drugs (38)
Judicial Review
  [ ] Asset forfeiture (05)
  [ ] Petition re: arbitration award (11)
  [ ] Writ of mandate (02)
  [ ] Other judicial review (39)

Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)
  [ ] Antitrust/Trade regulation (03)
  [ ] Construction defect (10)
  [ ] Mass tort (40)
  [ ] Securities litigation (28)
  [ ] Environmental/Toxic tort (30)
  [ ] Insurance coverage claims arising from the
      above listed provisionally complex case
      types (41)
Enforcement of Judgment
  [ ] Enforcement of judgment (20)
Miscellaneous Civil Complaint
  [ ] RICO (27)
  [ ] Other complaint (not specified above) (42)
Miscellaneous Civil Petition
  [ ] Partnership and corporate governance (21)
  [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: January 15, 2010
Eric A. Woosley (SB211962)
_____              _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET          Legal Solutions Plus        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                            Cal. Standards of Judicial Administration, std. 3.10

01/15/2010  15:07   8058971034                    ERIC A. WOOSLEY ●              PAGE  03/16

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** Charles Schwab; Moody's Investors
*(AVISO AL DEMANDADO):* Service; Standard & Poor's, and
DOES 1 through 50, inclusive,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 1 5 2010

ALAN CARLSON, Clerk of the Court

BY:_____ N. DORFMAN _____, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** Paul Rice and Joseph Rice
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
700 Civic Center Drive, West

Santa Ana, CA 92702

CASE NUMBER:
*(Número del Caso):*
30-2010
0 0 3 3 8 4 8 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Woosley (SB211962)          (805) 897-1830   (805) 897-1634
THE LAW OFFICE OF ERIC A. WOOSLEY
1602 State Street
Santa Barbara, CA 93010

JUDGE DAVID R. CHAFFEE
C-20

DATE: JAN 1 5 2010      ALAN CARLSON   Clerk, by   Natashah   , Deputy
*(Fecha)*                              *(Secretario)*   N. DORFMAN   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                          Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

| Attorney or Party without Attorney: | | FILED |
|---|---|---|
| ERIC A. WOOSLEY, Bar #211962 <br> LAW OFFICE OF ERIC A. WOOSLEY <br> 1602 STATE STREET <br> Santa Barbara, CA 93101 <br> Telephone No: (805) 897-1830        FAX No: 897-1834 <br> office@zwlegal.com <br> Attorney for: Plaintiff | | For Court Use Only <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF ORANGE <br> CENTRAL JUSTICE CENTER <br> **MAR 15 2010** <br> ALAN CARLSON, Clerk of the Court <br> BY F. IBARRA |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| ORANGE COUNTY SUPERIOR COURT |
| Plaintiff: RICE, ET AL. |
| Defendant: CHARLES SCHWAB, ET AL. |

| PROOF OF SERVICE <br> Summons & Complaint | Hearing Date: | Time: | Dept/Div: | Case Number: <br> 30-2010-00338482 |
|---|---|---|---|---|

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND COMPLAINT; AMENDMENT TO COMPLAINT; AMENDMENT TO COMPLAINT; AMENDMENT TO COMPLAINT; CIVIL DEPARTMENT CALENDAR SCHEDULING CHART; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; (BLANK) ALTERNTIVE DISPUTE RESOLUTION (ADR) STIPULATION

3. a. Party served:              MOODY'S INVESTORS SERVICE, INC.
   b. Person served:          MARGARET WILSON, AUTHORIZED TO ACCEPT

4. Address where the party was served:    CT CORPORATION SYSTEM <br>                                         818 WEST SEVENTH STREET <br>                                         LOS ANGELES, CA 90017

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Mar. 03, 2010 (2) at: 2:45PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
on behalf of: MOODY'S INVESTORS SERVICE, INC.
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:                       Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DeAndre JOHNSON
   b. UNITED PROCESS SERVERS, Inc.        d. The Fee for Service was:
      142 East Figueroa Street             e. I am: (3) registered California process server
      Santa Barbara, CA 93101                    (i) Employee
   c. 805 966-2102, FAX 805 966-4031           (ii) Registration No.:     140
                                          (iii) County:             Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Wed, Mar. 10, 2010

Judicial Council Form POS-010 <br> Rule 2.150.(a) &(b) Rev January 1, 2007

PROOF OF SERVICE <br> Summons & Complaint                  (DeAndre JOHNSON)         eaw.113388

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| Paul Rice and Joseph Rice | Charles Schwab; Moody's Investors Service; Standard & Poor's |

| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | **Attorneys** (If Known) |
|---|---|
| Eric A. Woosley<br>Law Office of Eric A. Woosley<br>1602 State Street<br>Santa Barbara, CA 93101<br>Tel:(805)897-1830; Fax:(805)897-1834 | Attorneys for Standard & Poor's<br>David Biderman/Judith B. Gitterman<br>PERKINS COIE LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>Tel: (310)788-9900; Fax:(310)788-3399 |

**I. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)   Not less than

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 260,952

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332
28 U.S.C. § 1367(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ SACV10-00398

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2
CCD-JS44

UNITED STATES. DISTRICT COURT, CENTRAL DISTRICT O. CALIFORNIA
CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

VIII(b). **RELATED CASES**: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                    ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County - Plaintiff 1 | Michigan - Plaintiff 2 |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Standard & Poor's - New York<br>Defendant Moody's - New York |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 4/2/2010

**Notice to Counsel/Parties**: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 398 CJC  (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.